GEORGE EDWARD VEASEY,
Plaintiff,

*vs.*

JUNE McD. LAYTON, WALTER J. LEHMAN,
Defendants.

*Sussex, December 3, 1964.*

Robert W. Tunnell, of Tunnel & Raysor, Georgetown, for plaintiff.

Howard T. Ennis, Jr., of Ennis & Betts, Georgetown, for defendants.

SEITZ, Chancellor: Plaintiff seeks a mandatory injunction compelling the defendants to turn over to him, upon payment of his indebtedness, shares of corporate stock pledged to secure his judgment note.

For some years the plaintiff and Daniel J. Layton, Jr. ("Layton") were equal and sole stockholders in a retail liquor business operated under the name of Indian River Company. Prior to February 2, 1961, the plaintiff borrowed about $15,000 from Layton. The plaintiff executed a judgment note and a pledge agreement by which plaintiff pledged his shares of the Indian River stock to secure the loan. The agreement provided that if plaintiff did not comply with the terms of the judgment note, his pledged stock would become the sole and separate property of Layton in accordance with a formula for the determination of its value found in the agreement. Although not here relevant, the agreement also provided that only so many shares become Layton's property as might be necessary to satisfy the judgment note.

Layton died in 1963 and the plaintiff's judgment note and Layton's right under the pledge agreement passed to his widow, the defendant June Layton ("defendant"). The other defendant is joined merely because he has the defendant's power of attorney.

In February 1964 the plaintiff and defendant executed an amended pledge agreement reciting inter alia, that defendant was willing to extend the due date on the obligation until July 1, 1964 and agreeing to execute a new judgment note giving effect to the extension of time for payment. All other terms remained the same.

It is agreed that in June of 1964 the plaintiff approached the defendant and requested a further extension from the July 1, 1964 date. It is further agreed that defendant said she wanted to seek advice before giving a definite answer. It is further agreed that about June 10, 1964 the defendant advised plaintiff that she would give him an extension of time beyond July 1. The plaintiff says that defendant agreed that she would give him a "short extension" and would let him know when she wanted the money so that he would have time to raise it. Defendant testified that all she said was that he could have a "very

short extension" of time. The parties also differ as to what other things were said but I do not consider them except to say that to the extent they are relevant, my findings with respect thereto would be consistent with my decision on the merits.

Toward the end of June the plaintiff took an inventory of the Indian River business. In early July defendant had another inventory taken. There is a dispute as to whether there were meetings or communications between plaintiff and defendant in this period. I am satisfied that there was at least one contact. Beyond this I do not pass on the matter except to indicate that if deemed necessary to my decision my findings in this area are consistent with my ultimate conclusion in the case.

By letter dated August 10, 1964, defendant's counsel advised plaintiff that because of plaintiff's default defendant had exercised her rights under the pledge agreement to take over all of the stock pledged by plaintiff and that plaintiff still owed a balance of about $10,000. Plaintiff immediately commenced this action to recover his stock upon payment of his debt. This is the decision after final hearing.

Stripped to the bare bones the issues are whether defendant granted plaintiff an oral extension to the date in August when I find a tender of payment was fairly attempted by plaintiff and, if so, whether defendant is equitably estopped to deny it. Much ado was made by the parties over the words, "short extension", allegedly used by plaintiff, and the words, "very short extension", allegedly used by defendant. The court considers the difference in the versions unimportant in the context of this case. First, it is admitted that the parties did not discuss the extension in terms of days, weeks or months, thus inviting discord. It is further admitted that after the granting of the extension, neither defendant nor anyone on her behalf ever raised any question concerning payment until plaintiff received the letter from defendant's attorney. Further, in view of past relationships, one would have expected defendant to mention to plaintiff that she had determined that the extension should terminate. It is also true that plaintiff did not approach defendant about the matter, but I think it clear that

plaintiff was hoping to receive a payment from the Highway Department to satisfy the loan and such payment was delayed.

I have not gone too much into the minutiae of the case because defendant agreed that an oral extension for some period was granted and she further conceded that reasonable people might disagree as to what period was intended by the language employed. When these facts are considered in conjunction with the lack of any communication prior to the imposition of the default and a finding of reasonable reliance by plaintiff on the defendant's language granting the extension, I am satisfied that plaintiff is entitled to the relief requested on the theory of promissory estoppel. The facts and equities as I find them are consistent with the application of this principle. Thus, plaintiff will be entitled to a return of his stock upon tender of the indebtedness.

Since it is not relied upon, I find it unnecessary to consider whether the doctrine of equitable relief against forfeitures is applicable.

Present order on notice.